UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CV-80159-MIDDLEBROOKS

MICHELLE FINE,
an individual,

      Plaintiff,

v.

ROCK CENTRAL LLC HEALTH
and WELFARE BENEFITS PLAN
& SUMMARY PLAN DESCRIPTION,

      Defendant.
_____/

## ORDER ON MOTION TO STAY AND MOTION TO STRIKE EXHIBIT AND SETTING BRIEFING SCHEDULE FOR RENEWED SUMMARY JUDGMENT MOTIONS

THIS CAUSE is before the Court upon the following motions: the Parties' Joint Motion for Stay of Pretrial Deadlines and Trial Date Pending Ruling on Cross-Motions for Judgment in ERISA Case (DE 49); Plaintiff's Motion to Strike Defendant's Notice of Substitution of Exhibit 2 to its Correction Statement of Undisputed Facts (DE 43); and cross motions for summary judgment by the Plaintiff and Defendant. (DE 37, 20 respectively).

Since October of 2020, Plaintiff worked as an underwriter for Rocket Mortgage, a subsidiary of Rock Central, LLC. (DE 37 at 2). Defendant is Rock Central, LLC's Health and Welfare Benefits Plan & Summary Plan Description. Rock Central, LLC is the Plan Administrator and Lincoln Financial Group ("Lincoln") is the Claim Administrator.

In October 2023, Plaintiff began to call and email the human resources department at Rock Central to obtain Family Medical Leave Act ("FMLA") and Short-Term Disability ("STD") claim forms. Plaintiff received a response on October 27, 2023, and received a link and instructions to

complete the FMLA forms. (*Id.*). On November 2, 2023, Plaintiff initiated her STD claim. That same day, Rock Central informed Plaintiff that her employment was terminated. (*Id.* at 4). This dispute arises out of Defendant's November 9, 2023, denial of Plaintiff's STD claim. As relevant to this Order, the Claims Administrator, Lincoln, referenced in the denial letter a plan provision titled: "Discontinuation of Short Term Disability Benefit," and explained that it contained a list of events that would terminate weekly STD benefits. Lincoln highlighted number eleven (11) of the provision, listing one event as "the date the Covered Person's [sic] employment terminates." (DE 18-3, p. 722). Lincoln then concluded "Since your date of disability is November 3, 2023 and you were terminated on November 2, 2023, we are unable to approve your claim." (*Id.*).

Plaintiff filed suit on February 4, 2025. (DE 1). Defendant filed a Motion for Summary Judgment on August 12, 2025. (DE 20). Plaintiff filed a Motion for Summary Judgment on September 15, 2025. (DE 37).

The dispute giving rise to this Order, however, arises out of Plaintiff's Motion to Strike Defendant's Notice of Substitution of Exhibit 2 to its Corrected Statement of Undisputed Facts. (DE 43). There, Plaintiff alleges that the Defendant failed to provide her with the supposedly operative plan, the one which the Claims Administrator relied on in the first instance, until only September 15, 2025. (*Id.* at 5). This was 11 days after the close of discovery and after the cross motions for summary judgment had been fully briefed. (DE 8). For obvious reasons, Defendant's mistake and late disclosure of the operative plan causes significant disruption to this Court's ability to adjudicate this matter on the present record, and has caused wasteful expenditure of attorney resources.

The plan originally provided to Plaintiff did not contain provision 11, mentioned above, which the Claim Administrator relies on, in part, in its denial letter. This explains why Plaintiff, in her Motion for Summary Judgment, writes:

> Significantly, the actual STD policy provision: "Discontinuation of Short Term Disability Benefit," does not contain a number eleven and employment termination is not on the exhaustive list of events that will end the receipt of weekly STD benefits for Disabled beneficiaries. (compare DE 18-2. p. 18-19 and DE 18-3, p.721-22); (SOMF, DE 36, ¶ 51).

(DE 37 at 4). This provision *is* in the plan that Defendant now purports to be the operative plan, i.e., Defendant contends that this is the plan that the Claim Administrator relied on and presumably that it is the plan that applied to Plaintiff at the time. (DE 42 at 2). Of course, this flies in the face of the multiple times Defendant offered the plan that it now attempts to rescind and the authentication and certifications of the previously filed plan. (DE 43 at 8).

This provision is significant because it calls into question which plan the Claims Administrator used and which plan it should have used. Plaintiff argues that the inclusion of this provision in the denial letter evidences "unreasonable claims handling." (DE 37 at 20). Plaintiff also argues that "Defendant's attempt to create the illusion that it merely, inadvertently uploaded the wrong document on one occasion is not credible." (DE 43 at 10). Put another way, Plaintiff alleges that (1) the STD claim decision was patently arbitrary because it relied on information that, based on the briefing, was not even in the plan, and further (2) the Claim Administrator may not have actually relied on the newly filed plan, or should not have relied on that plan, in coming to its conclusion to deny Plaintiff's STD claim. Answers to these questions would clearly bear upon the issue of whether there was unreasonable claims handling.

It is ultimately not clear to the Court which plan is the correct plan. Moreover, given that there are two plans in front of the Court, there is no evidence to suggest that the Claim

Administrator relied on the correct plan. Therefore, the core document at the heart of this case is in dispute, and yet there are fully briefed cross motions for summary judgment pending.

At this juncture, rather than decide the merits of this case based on a disputed plan, I will allow the Parties to engage in a brief, limited discovery period in an effort to discern which plan applies and which plan the Administrator relied upon. This would ameliorate the clear prejudice against Plaintiff, who maintains that she cannot test Defendant's claim that "this new document is the actual plan document nor [the] assertion that Lincoln relied on this newly discovered document in its final claim determination." (DE 43 at 10). I decline Plaintiff's invitation to strike the newly filed plan. If it turns out to be the operative plan, I will decide this case on that basis.

Based upon the forgoing, I will remove this case from the trial calendar, permit one month of discovery, and set a briefing schedule for the Parties to renew their summary judgment motions in light of the issues that have arisen. Moreover, should Plaintiff wish to file a motion to recoup the costs she expended in briefing summary judgment on the basis of the plan which Defendant now states was the wrong plan, I would entertain such a motion.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Parties' Joint Motion for Stay of Pretrial Deadlines and Trial Date Pending Ruling on Cross-Motions for Judgment in ERISA Case (DE 49) is **GRANTED**. The calendar call set for Wednesday, November 12, 2025, **CANCELLED,** and this case shall be **REMOVED** from this court's November 17, 2025 trial calendar.

2. Plaintiff's Motion to Strike Defendant's Notice of Substitution of Exhibit 2 to its Correction Statement of Undisputed Facts (DE 43) is **DENIED**.

4

3. The Parties may engage in limited additional discovery to address the issues raised in this Order **until December 5, 2025.**

4. The Parties **SHALL** re-brief their motions for summary judgment in light of discovery findings. The deadline for dispositive motions is extended to **January 5, 2026.** Response and Reply deadlines shall then be due in accordance with applicable rules.

5. Defendant's Corrected Motion for Summary Judgment (DE 20) is **DENIED AS MOOT.**

6. Plaintiff's Corrected Motion for Summary Judgment (DE 37) is **DENIED AS MOOT.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 10 day of November, 2025.

Donald M. Middlebrooks
United States District Judge